IN THE COURT OF COMMON PLEAS
STARK COUNTY, OHIO

| | | |
|---|---|---|
| T & W FORGE, INC.<br>562 West Ely Street<br>Alliance, Ohio 44601<br><br>Plaintiff,<br><br>-vs.-<br><br>V & L Tool Inc.<br>Statutory Agent: Gerald A. Schuele<br>2021 MacArthur Road<br>Waukesha, Wisconsin 53188<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2005CV01648<br><br>Judge: Sinclair<br><br>COMPLAINT<br>(JURY DEMAND ENDORSED HEREON) |



FILED
MAY 20 2005
PHIL G. GIAVASIS
STARK COUNTY, OHIO
CLERK OF COURTS

Now comes the Plaintiff, T & W Forge, Inc., by and through its undersigned counsel, and hereby submits the following Complaint against the Defendant:

### JURISDICTION, VENUE, AND PARTIES

1. Plaintiff T & W Forge, Inc. is an Ohio Corporation with its principal place of business located at 562 West Ely Street, Alliance, Ohio 44601.

2. Upon information and belief, Defendant V & L Tool, Inc. is a Wisconsin corporation with its principal place of business located at 2021 MacArthur Road, Waukesha, Wisconsin 53188.

3. Upon information and belief, Defendant faxed purchase orders to Plaintiff and corresponded via telephone and facsimile transmission. As a result, Defendant has transacted business in Ohio and therefore the State of Ohio has personal jurisdiction pursuant to R.C. 2307.382 and Civil Rule 4.3. See *U S Sprint Communications Company Limited Partnership v.*

*Mr. K's Foods, Inc.* 91994), 68 Ohio St. 3d 181; and *Ricker v. Fraza/Forklifts of Detroit* (April 26, 2005), unreported, 2005 WL 948997 (Ohio App. 10th Dist.).

4. Defendant frequently telephoned Defendant at the Alliance, Ohio factory to place orders, follow up calls were frequently made, written and oral acknowledgments were exchanged, and invoices and bills of lading were provided from the Ohio. (See Bill of Lading attached hereto as Exhibit A). The parties had frequent and sufficient contacts to confer jurisdiction upon this court.

5. The products at issue in the within matter were manufactured at Plaintiff's factory located in Alliance, Ohio. (See Order Acknowledgment dated 2/19/03, attached as Exhibit B). Plaintiffs are in the process of locating the Order Acknowledgment for the products at issue in the transaction described in Plaintiff's Complaint, which will be supplemented. (See Bill of Lading, attached hereto as Exhibit A, showing that the product was shipped from the Alliance, Ohio, factory).

6. Defendant had a continuous business relationship with Plaintiff in Plaintiff's Ohio office and that telephone and facsimile communication was frequently addressed to Plaintiff's Ohio facility. As a result, there have been enough minimum contacts under the due process clause to establish that Defendant purposely availed itself of the privilege of acting in the forum state, the cause of action arose from Defendant's activities in the forum state, and the acts of Defendant had a substantial enough connection with the forum state to make exercise of jurisdiction over the Defendant reasonable. *See U S Sprint and Ricker, supra.*

7. The Ohio Courts of Common Pleas have jurisdiction over the parties and the causes of action being asserted because the damages pled on the face of the Complaint are less tan $75,000.00.

8. Venue is proper before this Court pursuant to Ohio Rule of Procedure 3.

## STATEMENT OF FACTS

9. Plaintiff T&W Forge, Inc. does business with Defendant V & L Tool, Inc. under various written terms and conditions.

10. Plaintiff T&W Forge, Inc. is a manufacturer and supplier of specialty parts which are used by Defendant V & L Tool, Inc. in its business. (See Purchase Order, attached hereto and incorporated herein as Plaintiff's Exhibit "C").

11. On January 16, 2004, Plaintiff billed Defendant a sum of Thirty Two Thousand Four Hundred Ninety One Dollars and Fifty Two Cents ($32,491.52) for parts provided to Defendant. (See Invoice No. INV11060 dated January 16, 2004, attached hereto as Plaintiff's Exhibit "D"). Despite numerous attempts to collect said sum, Defendant has not paid any of the balance due and owing for said parts.

## COUNT I - BREACH OF CONTRACT

12. Plaintiff realleges and incorporates as if fully written herein paragraphs 1 through 11 as fully rewritten herein.

13. Plaintiff T&W Forge, Inc. fulfilled all its obligations and duties under the purchase orders with Defendant V & L Tool, Inc.

14. Furthermore, Plaintiff reasonably relied upon Defendant V & L Tool, Inc.'s purchase orders to pay for said specialty parts.

15. Plaintiff has repeatedly demanded that the Defendant V & L Tool, Inc. pay the balance due of Thirty Two Thousand Four Hundred Ninety One Dollars and Fifty Two Cents ($32,491.52) pursuant to contract terms in the purchase orders.

16. Furthermore, Defendant V & L Tool, Inc. is liable for it's anticipated breach of

the contract and Plaintiff's future loss of profits, without reasonable notice and without good cause.

17. Plaintiffs have been damaged by the Defendant's intentional acts and failure to give reasonable notice and should be liable for costs and attorney fees.

18. Defendant's actions are direct misrepresentations and caused the breach of contract of the purchase order's terms resulting in damages of Thirty Two Thousand Four Hundred Ninety One Dollars and Fifty Two Cents ($32,491.52) for parts that were manufactured, but not paid for, and future profits for anticipated repudiation of the contract, without reasonable notice or good cause, of reasonable attorney fees, costs, interest, and any other remedy this court deems just inequitable.

## COUNT II - MISREPRESENTATION AND FRAUD

19. Plaintiff realleges and incorporates Paragraphs 1 through 18 as if fully rewritten herein.

20. Plaintiff shipped parts to Defendant between December 5, 2003 through February 6, 2004, for which there is a balance due and owing to Plaintiff due and owing in the amount of Thirty Two Thousand Four Hundred Ninety One Dollars and Fifty Two Cents ($32,491.52). (See Exhibit E, Invoice No. INV11060).

21. Plaintiff reasonably relied upon the terms and conditions of the purchase order in shipping the parts to Defendant V & L Tooling, Inc.

22. Plaintiff proceeded in good faith and subsequently manufactured parts pursuant to Defendant's purchase orders.

23. Upon in information in belief, the Defendant made false statements that it would abide by the terms and conditions of payment, but the Defendant did not intend to fulfill its

representation.

24. Plaintiff reasonably relied upon the oral and written communications, and subsequent purchase orders to produce the products and ship them to Defendant.

25. Because of Defendant's intentional act of misrepresentation and/or omission, Plaintiff has been proximately damaged in the amount of $32,491.52, plus interest, costs, and punitive damages to be determined by a jury, plus reasonable attorney fees and any other remedy this Court deems just inequitable.

## COUNT III - UNJUST ENRICHMENT

26. Plaintiff realleges and incorporates Paragraphs 1 through 25 as if fully rewritten herein.

27. The Defendant V & L Tooling, Inc. has accepted the parts that were manufactured by the Plaintiff.

28. The Defendants has failed to pay for the product at the established price.

29. Therefore, Defendant V & L is liable under the theory of unjust enrichment to compensate the Plaintiff for the material and services provided in the amount of at least $32,491.52, plus the statutory legal rate of interest from January 16, 2004, at 10% per year, plus reasonable costs.

## COUNT IV - QUANTUM MERUIT

30. Plaintiff realleges and incorporates Paragraphs 1 through 29 as if fully rewritten herein.

31. The Defendant V & L Tooling, Inc. has been provided with parts by Plaintiff T&W Forge, Inc.

32. The Defendant V & L Tooling, Inc. has failed to fully pay for the parts provided,

which have been repeatedly billed in the amount of $32,491.52.

33. Thus, Defendant V & L Tooling, Inc. is liable in the theory of quantum meruit to compensate the Plaintiff for the service and material provided in the amount of $32,491.52, the amount of the unpaid balance, plus the legal rate of interest from January 16, 2004, at 10% per year, plus reasonable costs and attorney fees.

### COUNT V - ON ACCOUNT

34. Plaintiff realleges and incorporates Paragraphs 1 through 33 as if fully rewritten herein.

35. Defendant V & L Tooling, Inc. owes Plaintiff's account in the amount of $32,491.52.

36. Defendant V & L Tooling, Inc. has failed to properly pay the account, which is due and owing, and proper demand has been made.

37. Defendant V & L Tooling, Inc. owes Plaintiff on its account the sum of $32,491.52, plus the legal rate of interest from January 16, 2004, at 10% per year, and reasonable costs and attorney fees herein.

### COUNT VI - CONVERSION

38. Plaintiff realleges and incorporates Paragraphs 1 through 37 as if fully rewritten herein.

39. Defendant V & L Tooling, Inc. has received and is using parts manufactured and provided by the Plaintiff T&W Forge, Inc.

40. Defendant V & L Tooling, Inc. has wrongfully converted Plaintiffs parts to its own use and has failed to pay the full amount for the parts which it is using.

41. As a direct and proximate result of Defendant's known and unknown actions, the

Plaintiff has been damaged in the form of conversion and is entitled to compensatory damages for the parts that were converted in the sum of at least $32,491.52 and exemplary damages in an amount to be determined by a jury, plus reasonable attorney fees, interest, costs, and expenses.

WHEREFORE, Plaintiff demands judgment against the Defendant V & L Tooling, Inc. on Counts I through VI in the amount of $32,491.52 from January 16, 2004, plus the legal rate of interest of 10% per year plus reasonable costs and attorney fees; and any other remedy this court deems just and equitable.

Respectfully submitted,

_____
Christopher M. DeVito (0047118)
Kylie L. Grumbine (0077111)
Morganstern, MacAdams & DeVito Co., L.P.A.
623 West Saint Clair Avenue
Cleveland, Ohio 44113-1204
(216) 687-1212 or 621-4244
(216) 621-2951 - Facsimile

*Attorney for Plaintiff, T&W Forge, Co.*

## JURY DEMAND

A trial by jury with the maximum number of jurors permitted under Ohio law is hereby requested.

_____
Christopher M. DeVito (0047118)
Kylie L. Grumbine (0077111)
Morganstern, MacAdams & DeVito Co., L.P.A.

*Attorney for Plaintiff, T&W Forge, Co.*

C:\LAW\Pleadings\T&W v. V&L TooRefiledComplaint.wpd

7

**FROM AT:** T & W FORGE CO., INC.
562 W. Ely St.
Alliance, Ohio 44601
(330) 821-5740

**DATE:** 1/16 2004

YELLOW #5629

**CONSIGNED TO AND DESTINATION:**
V & L Tool Inc.
2021 Macarthur Rd.
Waukesha, WI. 53188
Attn: Shipping + Receiving

| No. Shipping Units | No. Pkgs. Materials | KIND OF PACKAGES, DESCRIPTION OF ARTICLES, SPECIAL MARKS AND EXCEPTIONS | WEIGHT (Subject to Corr.) | CLASS OR RATE | CHECK COLUMN |
|---|---|---|---|---|---|
| | | IRON OR STEEL FORGINGS IN THE ROUGH N.O.I.B.N. NFMC 104780 SUB 3 | | | |
| 3 Boxes | | DUNNAGE | 5316 | | |
| | | ENGINE PARTS, N.O.I.B.N. IRON OR STEEL NFMC 135390 SUB 3 | | | |
| | | DIES OR DIE MOLDS NOI IRON OR STEEL | | | |
| | | WEIGHING EACH LESS THAN 1000 LBS NFMC 119480 SUB 1 | | | |
| | | WEIGHING EACH 1000 LBS OR OVER NFMC 119480 SUB 2 | | | |
| | | 3rd Party Frgt. Bill To: Lycoming Engines c/o ITS 10235 Brecksville, RD. Cleveland, Ohio 44141 | | | |

Per T+W (Signature of Consignor)

312 CAN 035 590122 6
1-800-610-6500

CORRECT WEIGHT IS 5316 LBS.

T & W FORGE CO., INC.
562 W. Ely St.
Alliance, Ohio 44601
(330) 821-5740

From T & W FORGE CO., INC.
By R. Good

PLAINTIFF'S EXHIBIT A



T&W FORGE, INC.
562 WEST ELY STREET
ALLIANCE, OHIO 44601
PHONE: 330.821.5740
FAX: 330.821.7309
www.twforge.com

buyers@twforge.com
sdelvichio@twforge.com
cangus@twforge.com

330-821-9726 Sales Fax

## ORDER ACKNOWLEDGEMENT

TO: V & L Tool

DATE: February 19, 2003

Attn: Dick Kumbier

Thank you for your order!!

ORDER NUMBER: 61431

DATE OF ORDER: 2/11/2003

PART NUMBER: LW-13298-RGH

T & W JOB NO.: 9814

QUANTITY: 2000

PRICE EACH: $16.37

CUSTOMER REQ.
DELIVERY DATES: 3/5/03 (500), 4/23/03 (500), 6/25/03 (500), 8/6/03 (500)

PROMISE DATES: 4/18/03 (tenative)

REMARKS: Waiting on steel

FAXED 2/19/05 CA

*This acknowledgement indicates we have received, entered and are processing your order in accordance with our general Terms and Conditions which are printed on the reverse side hereof. Thank you for your business which is receiving our careful and prompt attention.*

**T & W FORGE CO., INC.**

Certifications:
**ISO 9002**
**DI 9000**

BB/sd
TWOA-02 11/01

Signed: _____
Sales Department

PLAINTIFF'S EXHIBIT B

# TERMS AND CONDITIONS

1. **ACKNOWLEDGMENT.** This is the acknowledgment of a written purchase order on the Terms and Conditions herein contained. Any agreement resulting from this acknowledgment shall be deemed to include no printed form provisions, contained in purchaser's communications with respect to this sale, which conflict or are inconsistent with the provisions herein contained, both printed and otherwise, unless agreed to in writing by seller.

2. Prices quoted herein are based on current costs of material and labor, and if any changes occur in such costs at any time before shipment, prices may be adjusted by us proportionately to such changes in cost.

3. **TAXES.** All quoted prices are subject to the addition of any applicable sales, excise, manufacturer's, use, or other taxes levied by municipal, state, or federal authorities.

4. **CREDIT.** Terms of payment for forgings shall be net 30 days, FOB point of shipment, unless otherwise established by the seller in writing or unless for any reason seller requires payment upon shipment. Preparation charges, when invoiced separately, shall be payable upon completion of tools and dies.

5. **PAYMENT.** Payments are to be made in United States funds, unless otherwise stipulated.

6. **DRAWINGS.** Forging design will be submitted by the seller for approval by the purchaser prior to actual production.

7. **PREPARATION CHARGES.** Preparation charges are those required for the initial production of the forgings, including lead costs of dies. The payment of such charges does not convey any title or the right of possession. Such payment does convey the right to the exclusive use of any special tools required and to their preservation by the seller for two years only after the date of shipment of the last order requiring their use. After the expiration of said two-year period, seller may dispose of said tools and dies in whatever manner it sees fit.

8. **TOLERANCES.** Unless otherwise mutually agreed in writing, the seller reserves the right to produce and ship in one lot the exact quantity which may be ordered, minus the underrun, or plus the overrun, according to the Table of Quantity Tolerances contained in the publication, "Tolerances for Impression Die Forgings," latest edition, as issued by the Forging Industry Association, which is hereby incorporated herein by reference and made a part hereof. Applicable dimensional tolerances are also as specified in the said publication. Unless otherwise mutually agreed in writing, forgings will be furnished with a natural forged surface and without machine work.

9. **DELAYS.** Delivery dates are approximate and are predicated on conditions existing at time of this quotation. Seller's obligation with respect to deliveries is subject to delays caused by any act of God, flood, war, riot, fire, accident, explosion, labor trouble, act of Government, delay or default by subcontractor or supplier of materials or services, transportation difficulty or any cause beyond seller's reasonable control.

10. **CANCELLATION.** Orders will not be subject to cancellation or modification, either in whole or in part, without the seller's written consent, and then only under terms that will reimburse the seller for all applicable costs incurred by him, including costs of purchased materials, tools and dies, and a reasonable allowance for profit.

11. **PATENT INFRINGEMENT.** No liability will be assumed by the seller for the infringement of any patent rights asserted because of the nature, structure or use of any products ordered by the purchaser, and the purchaser shall indemnify and hold seller harmless from all claims for loss or damage, and from all court costs, attorney's fees and other expenses paid or incurred by or imposed upon seller in connection with the defense of any action brought against seller by reason of seller's performance of any order. Upon request by the seller, the purchaser will undertake at the purchaser's own cost and expense to defend any such action which may be brought against the seller.

12. **WARRANTY, LIMITS OF WARRANTY, CLAIMS.** Seller warrants that forgings will be made in conformity with purchaser's design as submitted to seller within the applicable tolerances for quantity, size and shape as indicated thereby or, in the absence of such indication, as specified in the publication, "Tolerances for Impression Die Forgings," latest edition, as issued by Forging Industry Association. Said forgings will be guaranteed against failure caused by defects in material or in workmanship, seller's obligation hereunder being expressly limited to repair or replacement, without cost to the purchaser, of defective forgings, or, at seller's option, the repayment of the purchase price upon their return. This shall constitute purchaser's sole and exclusive remedy. Purchaser will notify seller in writing of any forgings, which do not conform to this warranty within 30 days after their delivery and if purchaser should fail to give such notification, claims for breach of warranty, if any, shall be waived. The purchaser of definite shipping instructions may return forgings at the expense of the seller only after inspection by him and upon receipt from seller. There is no warranty that the forgings will be fit for any particular purpose unless specifically so stated herein, nor is there any other warranty as to merchantability or otherwise, expressed or implied, except such as is expressly set forth herein. Seller shall have no liability whatsoever for incidental or consequential damages, resulting from either personal injury or property damage. Purchaser hereby indemnifies seller from all liability for damage or injury to any person or firm resulting from faulty or improper design of a part manufactured by seller for purchaser pursuant hereto. Any action for breach of this warranty or other action hereunder must be commenced within one year after such cause of action arises or it shall be thereafter barred.

13. **GOVERNMENT REGULATIONS.** Seller will comply with all federal, state and local laws and governmental regulations necessarily applicable to any purchase order given pursuant to this quotation. This quotation is based also upon compliance with the Fair Labor Standards Act of 1938, as amended. Seller recognizes the necessity for giving access to its books of account to authorized Government agents in connection with the sale of forgings and also recognizes the requirements of the Renegotiation Act of 1943 as amended, as well as the requirements of the Termination Act when applicable or required, but considers the giving of cost breakdowns other than weight under DMO Regulation No. 1 with or in connection with quotations on supply contracts not to be required.

14. **ARBITRATION OF CLAIMS.** Any contract herein is to be construed under the laws of the State of Ohio. Any controversy or claim arising out of, or relating to any purchase order given, or contract herein, which is not settled by mutual agreement between the seller and the purchaser, shall be submitted to arbitration and settled in accordance with the rules of the American Arbitration Association and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction.

15. **STORAGE, PACKING, SPECIAL SERVICES.** Palletizing, storage, packing, cartage, oiling, heat-treating, or painting, and similar processes and services are not contemplated herein and will bear an additional charge.

16. **DEFERRED DELIVERIES.** Deferred deliveries are subject to seller's approval. Should the purchaser for good and sufficient cause request that deliveries be delayed, it shall be acceptable on the following conditions only.

(A) If no release has been given by the buyer at the end of thirty days from receipt of such request, seller reserves the right to render invoice and make shipment of the completed portion of order to destination specified in purchaser's order and also to submit to purchaser invoice for approximate value of steel or other raw material purchased and delivered to the seller in anticipation of production.

(B) If no release has been given by the purchaser at the expiration of ninety days from receipt of Such request, seller reserves the right to declare the order cancelled on the terms set forth in paragraph 10.

17. **WAIVERS, ALTERATIONS, AND MODIFICATIONS.** No waiver, alteration or modification of the terms and conditions hereof shall be binding on seller unless in writing and signed by the seller's authorized representative.

T&W, Al Concoby     Date: 10/23/2003 Time: 4:18:42 PM     Page 1 of 1

Phone (262) 547-1226     1/25/00     Fax (262) 521-1031

## PURCHASE ORDER

| to: | T & W Forge, Inc | | | 330-521-Y309 |
|---|---|---|---|---|
| from: | V & L Tool, Inc. | | | |
| Qty. | Description | Order No. | Price | Delivery |
| 2,000 | 9816 LW-13305-RGH Connecting Rod Forging | 63654 | $25.47/ea | 1000-12/5/03 1000-2/6/04 |
| 1,200 | 9815 LW-13758-RGH Connecting Rod Forging | 63655 | $27.19/ea | 600-12/12/03 600-2/20/04 |
| 250 | 9820 LW-15288-RGH Connecting Rod Forging | 63656 | $24.18/ea | 1/16/04 |
| 300 | 9814 LW-13298-RGH Connecting Rod Forging | 63657 | $24.66/ea | 2/6/04 |
| | Aircraft Quality Material Certs. Required | | | |
| For the benefit of successful machining at V&L Tool, please work with your steel supplier to do whatever is possible to hold the chemical composition of the following 3 elements as close as possible to the levels shown. | | | | |
| | Sulfur .015-.025 Minimum Nickel .045-.055 Maximum Aluminum .025 Maximum | | | |
| | Al Concoby Please acknowledge price and delivery. - Thanks. | | | |

Overshipment of 5% is the absolute acceptable limit.
Any excess above 5% will be returned at your expense.
All paper work associated with any shipment involving the above order(s) must show the appropriate purchase order number(s) to ensure timely processing of receipts.
Fed. Employer No.: 39-1151927 * Wis. Employer No.: 178444 * Wis. Sales & Use Tax No.: 178416

Procurement Manager, *Dick Kumbier*    email: dick.kumbier@vltool.com

Voice: (262)547-1226    Fax: (262)521-1031    Web Site: www.vltool.com
2021 Mac Arthur Road (Deliveries Door One) Waukesha, WI 53188

T&Wfrgpq


PLAINTIFF'S EXHIBIT C



# Invoice

No. INV11060

**T&W FORGE**
A DURREL COMPANY

Remit To:
T & W FORGE CO., INC.
Department 3085
135 South LaSalle
Chicago, IL 60674-3085

(330) 829-5007 Phone
(330) 829-1090 Fax

| Date |
|---|
| 1/16/04 |

Bill To:
V & L Tool, Inc.
Accounts Payable Dept.
2021 MacArthur Rd.
Waukesha WI  53188

Ship To:
V & L Tool, Inc.
2021 MACARTHUR ROAD

WAUKESHA WI  53188

| P.O. No. | Customer I.D | Sales I.D. | Shipping Method | Terms | Req'd Ship | Master # |
|---|---|---|---|---|---|---|
| 63655 | VLT401 | | CCX | Net 30 | 10/24/03 | 6,203 |

| QTY | ITEM NUMBER | DESCRIPTION | UOM | DISC. | U. PRICE | EXT PRICE |
|---|---|---|---|---|---|---|
| 546 | F-09815-VLT401 FLW-13756-RGH | | Each | $0.00 | $27.19 | $14,845.74 |
| 647 | F-09815-VLT401 FLW-13756-RGH | | Each | $0.00 | $27.19 | $17,591.93 |
| 3 | PALLET | 32 X 32 Pallet | Each | $0.00 | $17.95 | $53.85 |

| | |
|---|---|
| Subtotal | $32,491.52 |
| Misc | $0.00 |
| Tax | $0.00 |
| Freight | $0.00 |
| Trade Disc | $0.00 |
| Total | $32,491.52 |

PLAINTIFF'S
EXHIBIT
D

Thank Yo:

Page  1